IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

|  |  |
|---|---|
| BARNABAS H. DARWIN,<br><br>Plaintiff,<br><br>vs.<br><br><br>JULIA C. ZOSS and JOHN DOES 1-5,<br><br>Defendants. | **8:24CV424**<br><br><br>**MEMORANDUM AND ORDER** |

This is the second federal[1] lawsuit filed by the plaintiff, Barnabas H. Darwin, against defendant Julia C. Zoss. *See Darwin v. Zoss*, 8:24cv291 (D. Neb. Sept. 24, 2024). Both suits arise from the same basic set of facts—Darwin says that Zoss has "disrupted" his relationship with their child by, for example, "[d]enying [him] access to [their child] for long periods," "[i]nterfering with [his] attempts to communicate" with their child, and "making demonstrably false statements to [their child] about" him. (Filing No. 1 at 1). In this second suit, Darwin also named several John Does—"unknown state actors" including judges, lawyers, and law enforcement officers who helped facilitate the alleged harms—as defendants.[2]

The Court dismissed Darwin's first suit without prejudice. The domestic relations exception, which "divests the federal courts of jurisdiction over any action for which the subject is a divorce, allowance of alimony, or child custody," precluded subject matter jurisdiction over

---

[1] Darwin and Zoss are involved in several *state* proceedings, too. One is the "ongoing" child custody proceeding filed by Zoss. (Filing No. 7 at 2); *See Zoss v. Darwin*, CI No. 22-1009 (Dist. Ct. Sarpy Cty., Neb.). Then there is the plaintiff's tort suit against the defendant and "Jeffrey Noble." *Darwin v. Zoss et al.,* CI No. 24-4791 (Dist. Ct. Douglas Cty., Neb.).

[2] Even if the Court had jurisdiction over the plaintiff's claims against the Doe defendants, dismissal would still be the result. While "an action may proceed against a party whose name is unknown if the complaint makes allegations specific enough to permit the identity of the party to be ascertained after reasonable discovery," that is not the case here. *Perez v. Does 1-10*, 931 F.3d 641, 646 (8th Cir. 2019). The plaintiff's complaint "does not sufficiently allege who the Doe Defendants are, what they allegedly did, . . . or any other facts that would permit the Doe Defendants to be noticed or identified through discovery." *Id.*

the plaintiff's claims. *Kahn v. Kahn,* 21 F.3d 859, 861 (8th Cir. 1994). And even if the Court had jurisdiction, *Younger* abstention posed another, independent bar to the plaintiff's claims. *See Younger v. Harris,* 401 U.S. 37 (1971).

Just over one month later, Darwin filed this second case. (Filing No. 1). Now before the Court is Zoss's motion to dismiss his claims. (Filing No. 5). The Court will grant the motion.

## DISCUSSION

The Court will dismiss this case for the same reasons it dismissed Darwin's first suit. *First,* the domestic relations exception again applies here. As in the first lawsuit, Darwin seeks "remed[ies] which [are] essentially domestic"—that is, "in addressing the same conduct involved in a state domestic proceeding, the effect of a remedy in the federal suit is to modify, nullify, or predetermine the domestic ruling of the state proceeding." *Wallace v. Wallace,* 736 F.3d 764, 767 (8th Cir. 2013). Granting Darwin the declaratory, monetary, or injunctive relief he seeks would plainly have the effect of nullifying or predetermining the domestic ruling of the ongoing state proceeding(s), so the Court lacks subject matter jurisdiction over his federal claims.[3] *See id.*

*Second,* whatever jurisdiction the Court has, it would again abstain from exercising it under *Younger* and its progeny. The *Younger* doctrine instructs federal courts to abstain from exercising jurisdiction if "(1) there is an ongoing state proceeding, (2) that implicates important state interests, and (3) that provides an adequate opportunity to raise any relevant federal questions." *Tony Alamo Christian Ministries v. Selig,* 664 F.3d 1245, 1249 (8th Cir. 2012). The Court found previously that the pending child custody case involving Darwin and Zoss met each of those marks. Nothing has changed since then. This remains "precisely the type of case suited to *Younger* abstention." *H.C. ex rel. Gordon v. Koppel,* 203 F.3d 610, 613 (9th Cir. 2000).[4] Accordingly,

---

[3] Darwin points out that unlike in his first federal lawsuit, his second includes ADA and due process claims. (Filing No. 7 at 3). That doesn't change the outcome, because "[n]o matter how styled, the domestic relations exception disallows domestic claims 'cloaked in the trappings of another type of' a federal claim.'" *Kitchen v. Developmental Servs. of Nebraska, Inc.,* No. 8:20CV08, 2021 WL 1531599, at *2 (D. Neb. Apr. 19, 2021) (quoting *Mandel v. Town of Orleans,* 326 F.3d 267, 271 (1st Cir. 2003)).

[4] In his response to the motion to dismiss, Darwin states that "additional facts have come to light that further support Plaintiff's claims" since the complaint was filed, "including in person unification therapy between [Darwin] and son[.]" (Filing No. 7 at 4). He therefore requests "leave

**IT IS ORDERED:**

1. Defendant Julia C. Zoss's motion to dismiss (Filing No. 5) is granted.

2. The plaintiff's complaint (Filing No. 1) is dismissed without prejudice.

3. A separate judgment will be entered.

Dated this 4th day of February, 2025.

BY THE COURT:

Susan M. Bazis
United States District Judge

---

to amend the complaint to include these facts if the Court deems it necessary." (Filing No. 7 at 4). There are two problems with that.

*First*, Darwin never filed a motion for leave to amend his complaint, and "a district court in granting a motion to dismiss is not obliged to invite a motion for leave to amend if plaintiff did not file one." *United States v. Mask of Ka-Nefer-Nefer*, 752 F.3d 737, 742 (8th Cir. 2014); *Gallagher v. City of Clayton*, 699 F.3d 1013, 1022 (8th Cir. 2012) ("It is a basic principle that the complaint may not be amended by the briefs in opposition to a motion to dismiss[.]"). And *second*, even if the Court were to give Darwin some procedural leeway as a pro se litigant, his proposed amendments still fail to save his claims because "additional facts" regarding unification therapy, for example, would only reaffirm the Court's conclusion that the domestic relations exception applies here. *See, e.g., Stricker v. Union Planters Bank, N.A.*, 436 F.3d 875, 878 (8th Cir. 2006) (leave to amend "may be denied if an amendment would be futile.").